UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID KEELEY,

          Plaintiff,

  v.

BRAD ELLER, et al.,

          Defendants.

Case No. 2:18-CV-01355
Judge James L. Graham
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff David Keeley, a resident of London, England, who is proceeding without the assistance of counsel, brings this action against Health Care Administrator Brad Eller ("Eller"), Institutional Doctors Paul Weidman ("Weidman") and Aaron Samuel ("Samuel"), Assistant Chief Inspector Mona Parks ("Parks"), and Institutional Inspector Kelly Riehle ("Riehle"). (Doc. 1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*id.*), Plaintiff's Motion to Obtain Electronic Case Filing Rights (Doc. 2), and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). However, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Accordingly, Plaintiff's Motion to Obtain Electronic Case Filing Rights (Doc. 2) is **DENIED as moot**.

**I.     BACKGROUND**

Plaintiff, David Keeley, was a convicted and sentenced state prisoner, who has since been released. (Doc. 1-1 at 4). He filed his complaint on November 1, 2018, regarding alleged denial of medical care while he was incarcerated at Belmont Correctional Institution ("BCI"). (Doc. 1-1). In his complaint, Plaintiff raises a single claim of deliberate indifference based on denial of medical care. (Doc. 1-1 at 3). Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment, by failing to properly treat his eye injury and causing a delay in scheduling surgery and treatment of his eye, which in turn caused his condition to worsen. (*Id*. at 3–4).

Plaintiff has filed three previous actions in state court involving the same allegations concerning his medical care. First, Plaintiff sued Parks and other Ohio Department of Rehabilitation and Correction ("ODRC") officials on May 29, 2013, alleging negligence. *See Keeley v. Croft*, No. 17 BE 0016, 2017 WL, 6804073, at *2 (Ohio Ct. App. Dec. 29, 2017) (describing Plaintiff's previous actions regarding the treatment of his eye while incarcerated at BCI). The case was dismissed for lack of subject matter jurisdiction. *Id*. After that suit was dismissed, Plaintiff filed a second complaint against the same defendants, in addition to one new defendant, raising the same allegations regarding delay and inadequacy of medical care. (*Id*.). His second suit was also dismissed by the trial court because Plaintiff failed to file an affidavit listing any actions he had previously filed. (*Id*.).

Plaintiff filed a third lawsuit on February 16, 2017, and subsequently filed a motion for summary judgment, again raising the same allegations regarding his medical care. (*Id*.). The trial court dismissed the suit, in part, on the basis of res judicata. The court of appeals, however, reversed the judgment of the trial court and remanded the case for further proceedings, finding that

there had not been a resolution of Plaintiff's claims on the merits as his previous suits had been dismissed due to jurisdictional and procedural errors. *See Keeley v. Croft*, No. 14 BE 45, 2015 WL 3487272, at *3 (Ohio Ct. App. June 1, 2015). On February 16, 2017, the trial court issued a judgment entry disposing of all pending matters and dismissing Plaintiff's case. *See Keeley*, 2017 WL, 6804073, at *2 (describing trial court proceedings). Plaintiff filed an appeal, and the court of appeals affirmed, in full, the judgment of the trial court. *See id*. at *8.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2) Screening

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## B. Failure to State a Claim

As noted above, the Court has an obligation, at the initial screening stage, to dismiss a complaint that fails to state a claim upon which relief can be granted. In assessing whether Plaintiff's complaint in this case states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and as stated in *Ashcroft v. Iqbal*, 557 U.S. 662, 677–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557–57 (2007). To survive Rule 12(b)(6) dismissal, a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" in determining whether they plausibly state a claim for relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (citation omitted).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th

Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Relevant here, Sixth Circuit case law supports dismissal for failure to state a claim when a case is barred by the doctrines of res judicata and *Rooker-Feldman*. *See, e.g.*, *Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002) (affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of res judicata"); *Thompson v. U.S., Small Bus. Admin.*, 8 F. App'x 547, 548 (6th Cir. 2001) (affirming failure-to-state a claim dismissal based on res judicata); *Lowe v. Cox*, No. 08-15186, 2008 WL 5447627, at *3 (E.D. Mich. Dec. 31, 2008) (applying the *Rooker-Feldman* doctrine and screening plaintiff's action because plaintiff, as the "state court loser," sought essentially to appeal his state court judgment in federal district court) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. The *Rooker-Feldman* Doctrine

Because Plaintiff now seeks relief from claims that were the subject of prior state court adjudications, the Court must examine whether the *Rooker-Feldman* doctrine bars Plaintiff's instant lawsuit. The Court finds that it does. While Plaintiff does not explicitly ask this Court to overrule a state court proceeding, he now seeks relief in federal court because his claims failed in

state court. *See Duffy v. Bradley*, No. CIV.A.07-CV-188-JMH, 2007 WL 1805072, at *1 (E.D. Ky. June 20, 2007) (applying the *Rooker-Feldman* doctrine in its initial screen of plaintiff's *pro se* complaint, noting that plaintiff "ma[de] it abundantly clear that he is unhappy with the outcome of a state court [ ] proceeding, and that he wants this Court to intervene and make rulings more favorable to him").

"[T]he *Rooker-Feldman* doctrine prohibits lower federal courts below the United States Supreme Court from exercising 'appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are inextricably intertwined with issues decided in state court proceedings.'" *Carney v. Christiansen*, 422 F. Supp. 2d 841, 844 (W.D. Mich. 2006), *aff'd*, 375 F. App'x 494 (6th Cir. 2010) (quoting *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)). The Supreme Court has "explained that the *Rooker-Feldman* doctrine 'is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobile Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521–22, 161 L.Ed.2d 454). "Fundamental to *Rooker-Feldman* is the question of whether the federal courts are being asked, either actually or practically, to exercise an appellate function. 'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Robinson v. Purkey*, 326 F.R.D. 105, 140 (M.D. Tenn. 2018) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Here, Plaintiff, as the "state court loser" seeks, essentially, to appeal his unfavorable state court judgment regarding his civil rights claim in federal court. *See Lowe*, 2008 WL 5447627, at *3. The Belmont County Court of Common Pleas dismissed Plaintiff's case because Plaintiff

failed to sufficiently allege a civil rights claim concerning the treatment of his eye injury. *See Keeley*, 2017 WL, 6804073, at *2. Plaintiff appealed, and the appellate court affirmed the decision of the trial court. *Id*. at *8. Specifically, the court of appeals made the following findings: first, that Plaintiff "failed to demonstrate [ ] that [ ] Parks or Riehle directly participated or condoned a denial of medical care" and, as such, the trial court "properly granted summary judgment" because Plaintiff had "presented no evidence that [the named officials] directly engaged in denial of his medical care or performed any function beyond processing and administering [his] grievances;" and second, that "[t]he record [was] replete with evidence that [the named] physicians were diligent in seeking treatment for [Plaintiff] and in follow-up," that Plaintiff "provide[d] no evidence showing that [their] conduct [was] causally connected to either his injury or any worsening of his condition." *Keeley*, 2017 WL, 6804073, at *5, 8.

Accordingly, because the Court finds that Plaintiff's federal claims are "inextricably intertwined" with his claims in state court, *see Carney*, 422 F. Supp.2d at 844, his federal claims can succeed only to the extent that this Court would determine that the Ohio trial and appellate court both wrongly decided Plaintiff's civil rights action. *See Duffy*, 2007 WL 1805072, at *2. Plaintiff "simply cannot 'appeal' a state court decision in federal court." *Id*. (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Accordingly, the Court lacks jurisdiction to entertain this action. *See id*; *see also Rowls v. Weaver*, 24 F. App'x 453, 455–56 (6th Cir. 2001) (holding that dismissal of a complaint was proper under the *Rooker-Feldman* doctrine where the plaintiff raised claims that were inextricably intertwined with a criminal case previously litigated and decided in state court); *Lowe*, 2008 WL 5447627, at *3 (applying the *Rooker-Feldman* doctrine and screening plaintiff's action because plaintiff, as the "state court loser" sought, essentially, to appeal his state court judgment in federal district court).

**B.     Res Judicata**

Even if *Rooker-Feldman* did not bar this action (which it does), the Court also finds that Plaintiff's claims are barred under the doctrine of res judicata. Under the related doctrines of collateral estoppel and res judicata, "a right, question or fact directly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979) (internal quotation marks and citation omitted). Relevant here, "[t]he federal courts generally have also consistently accorded preclusive effect to issues decided by state courts." *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 769, 774 (W.D. Tenn. 2013). Accordingly, "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id*. at 775. Indeed, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 95 96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

> For the doctrine of res judicata to apply, four elements must first be satisfied:
>
> (1) the first action must result in a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action between the first and the second actions.

*King v. Asset-Bank of New York Mellon for Certificateholders of CWABS, Inc.*, No. 17-2402-SHL-DKV, 2017 WL 2913012, at *4 (W.D. Tenn. June 22, 2017), *report and recommendation adopted sub nom. King v. Asset-Bank of New York Mellon for CWABS, Inc.*, No. 17-CV-2402-SHL-DKV, 2017 WL 2912647 (W.D. Tenn. July 7, 2017) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560

(6th Cir. 1995); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)). The Court finds each of these four prongs satisfied, and consequently, Plaintiff's cause of action is barred under the doctrine of res judicata.

First, Plaintiff's previous action resulted in a final judgment on the merits. Plaintiff filed his suit in Belmont County Court of Common Pleas, alleging, as he admits, "similar facts involved with this action." (Doc. 1-1 at 10). Plaintiff concedes that his case "was dismissed for mainly not having evidence of the resulting injury or 'no evidence that Appellee's conduct is casually connected to either his injury or any worsening of his condition.' This case was appealed and the verdict was affirmed as above." (*Id.*). *See also Keeley*, 2017 WL, 6804073, at *8 (upholding judgment of trial court and dismissing Plaintiff's case). Accordingly, the first prong is satisfied.

The second prong is also met. In his state court lawsuit, Plaintiff sued Parks, Riehle, Eller, Weidman, Samuel, and Christopher Baggi (*see Keeley*, 2017 WL, 6804073, at *1), all of whom (except Christopher Baggi) he names as Defendants in the instant action. (*See* Doc. 10-1 at 2–3). Accordingly, Plaintiff's present lawsuit involves the same parties as the first, and the second requirement of res judicata has been met.

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 33 F. App'x 28, 30 (6th Cir. 2009) (internal quotation marks omitted) (citing *Holder v. City of Cleveland*, 287 F. App'x 468, 470–71 (6th Cir. 2008)). And, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder*, 287 F. App'x at 471 (quoting *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). "The term same cause of action can encompass claims . . . that were previously

9

available to the parties, regardless of whether they were asserted or determined in the first proceeding." *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009) (internal quotation marks and citation omitted). *See, e.g.*, *Coleman*, 966 F. Supp. 2d at 776 (screening plaintiff's *pro se* complaint, in part, on the basis of res judicata and noting that plaintiff, "discontented with the judgment of the first suit, [was] merely using the present suit to relitigate what has already been determined.").

Here, Plaintiff, in his state court action, alleged that prison physicians and officials (now named as Defendants in this action) were deliberately indifferent to his medical needs because they failed to ensure that subsequent evaluations were undertaken in a timely manner. *See Keeley*, 2017 WL, 6804073, at *2. In that suit, Plaintiff alleged that, as a result of such deliberate indifference, his condition worsened. *Id*. Plaintiff also alleged that prison officials violated his rights by failing to expediently address his grievances and complaints concerning his eye injury. *Id*. In the instant action, Plaintiff alleges that Defendants Eller, Weidman, and Samuel (all of whom were named in Plaintiff's state court action) were "deliberately indifferent towards [his] medical condition [ ] in withholding surgery when it could have saved the eye and deliberate [sic] indifference [sic] to following any specialist recommendations for follow-ups causing long term disability." (Doc. 1-1 at 8). He also alleges that Defendants Riehle and Parks (whom were also named in his state court action) "show[ed] indifference in refusing to acknowledge and thusly creating further delay in the plaintiff receiving medical intervention by acquiescing, without researching, to the main defendants claims and also for being in a position to affect the outcome of these instance[.]" (*Id*.).

Accordingly, not only do Plaintiff's claims in the present action arise from the same transaction as his previous action, but the claims in both suits are virtually identical. The Court

finds that Plaintiff is simply dissatisfied with the judgment in his state court proceedings and is now using the present suit to "relitigate what has already been determined." *See Coleman*, 966 F. Supp.2d at 776 (screening plaintiff's *pro se* complaint, in part, on the basis of res judicata). Plaintiff may not have a second bite at the apple, and res judicata bars his claims.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. Accordingly, Plaintiff's Motion to Obtain Electronic Case Filing Rights (Doc. 2) is **DENIED as moot**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 9, 2018                /s/Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE