IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Keeley,

    Plaintiff,

v.                        Case No. 2:18-cv-1355

Brad Eller, et al.,

    Defendants.

## OPINION AND ORDER

This is an action filed by David Keeley, proceeding pro se, against Health Care Administrator Brad Eller, Institutional Inspector Kelly Riehle, Assistant Chief Inspector Mona Parks, and Institutional Doctors Paul Weidman and Aaron Samuel, who are officials and employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff alleges that while he was incarcerated at the Belmont Correctional Institution, the defendants were deliberately indifferent to his serious medical condition by failing to properly treat an eye injury and causing a delay in scheduling surgery and treatment.

The magistrate judge conducted an initial screen pursuant to 28 U.S.C. §1915(e)(2), In a report and recommendation filed on November 9, 2018, the magistrate judge granted plaintiff's request to proceed in forma pauperis, but recommended that plaintiff's complaint be dismissed for failure to state a claim for which relief may be granted. The magistrate judge concluded that plaintiff's claims are barred under the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and the doctrine of res judicata. Objections to the report and

recommendation were due by November 23, 2018. By order filed on November 28, 2018, the court noted that no objections had been filed, adopted the report and recommendation and dismissed the action.

On December 10, 2018, plaintiff's objections to the report and recommendation were docketed by the clerk. In his objections, plaintiff, who is currently residing in London, England, indicated that he did not receive the report and recommendation in the mail until November 27, 2018. The court hereby vacates the order and judgment (Docs. 5 and 6) entered on November 28, 2018, and will entertain plaintiff's objections to the report and recommendation.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Pleadings filed by pro se litigants are liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). However, this lenient treatment has limits, as "courts should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

A complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). See Rushford v. Firstar Bank, N.A., 50 F. App'x 547, 548 (6th Cir. 2001)(dismissing claim barred by res judicata); Lowe v. Cox, No. 08-15186, 2008 WL 5447627 at *3 (E.D. Mich Dec. 31, 2008)(dismissing claim barred by Rooker-Feldman doctrine).

The magistrate judge first addressed whether plaintiff's claims are barred under the Rooker-Feldman doctrine. That doctrine focuses on whether the federal court is being asked, either

3

actually or practically, to exercise an appellate function by reviewing a state court judgment.

The magistrate judge concluded that plaintiff is essentially seeking further review of the unfavorable state court judgment entered in Keeley v. Croft, No. 17 BE 0016, 2017 WL 680473 at *2 (Ohio App. Dec. 29, 2017). This was an appeal from a judgment entered by the Belmont County Court of Common Pleas which dismissed plaintiff's §1983 claims against the parties who are also named as defendants in this federal action. In the state case, plaintiff argued, as he does here, that the defendant ODRC prison physicians and administrators were deliberately indifferent to his medical needs, and that as a result, his eye condition worsened. The state court of appeals held that plaintiff failed to prove that defendants Parks or Riehle directly participated or condoned a denial of medical care; that plaintiff presented no evidence that the named officials directly engaged in denial of his medical care or performed any function beyond processing and administering his grievances; that the named physicians were diligent in seeking treatment and follow-up for plaintiff; and that plaintiff failed to provide evidence that their conduct was causally connected to either his injury or any worsening of his condition. Keeley, 2017 WL 6804073 at **5, 8. The magistrate judge concluded that because plaintiff's federal claims are so inextricably intertwined with his state court claims that his federal claims can succeed only if this court determines that the Ohio case was wrongly decided, see Rowls v. Weaver, 24 F. App'x 453, 455-56 (6th Cir. 2001), this court lacks jurisdiction to entertain this action.

The magistrate judge then analyzed whether plaintiff's claims

4

are barred under the doctrine of res judicata. Under that doctrine, "a right, question or fact directly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979). For the doctrine of res judicata to apply, the following elements must be met: (1) a final judgment on the merits by a court of competent jurisdiction in the first action; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).

The magistrate judge observed that plaintiff's Belmont County action resulted in a final judgment on the merits. The parties named in the federal case were also named in the state court action. The magistrate judge further noted that in the state court action, plaintiff advanced allegations of deliberate indifference to his medical needs by failing to ensure that subsequent evaluations were undertaken in a timely manner and by failing to address his grievances concerning his eye injury. The magistrate judge concluded that the federal claims arise from the same transactions or events which formed the basis for his state claims, and that plaintiff's federal and state claims are virtually identical. The magistrate judge concluded that plaintiff's federal claims are barred by res judicata.

Plaintiff's first objection and request for reconsideration addresses the delay in his receipt of the report and recommendation by mail. This objection is moot, as the court has agreed to

5

entertain his objections.

In his second objection, plaintiff argues that his claims are not barred because of new evidence in the form of a medical record dated July 17, 2018, describing the results of a July 4, 2018, medical examination. However, even assuming that new evidence can affect a res judicata bar, this evidence would have no impact on the state court's holdings and judgment. The court of appeals concluded that defendants Parks and Riehle were not liable for acts done in their role in processing and administering plaintiff's grievances. The court of appeals further found that defendants Weidman and Samuel did not act with deliberate indifference to plaintiff's medical needs, and that there was no evidence that the alleged conduct of defendants Eller, Weidman and Samuel, which occurred from 2012 through 2014, was casually connected to either plaintiff's injury or any worsening of plaintiff's condition. See Keeley, 2017 WL 6804073 at **3-8. The new evidence does not undermine these holdings. Further, insofar that plaintiff's claims rely on new evidence to seek reconsideration of the matters addressed in the state court's judgment, they are still inextricably intertwined with his state court claims and are barred under Rooker-Feldman.

Plaintiff also claims that the state court's ruling on the motion for summary judgment did not specifically mention defendant Eller, and therefore the claims against him must not have been dismissed by the state court. However, the court of appeals stated in its opinion that "[o]n February 16, 2017, the trial court issued a judgment entry disposing of all pending matters ... and granted the remaining Appellees' motion for summary judgment." Keeley,

2017 WL 6804073 at *2.  According to the court of appeal's docket, Eller was a party to the appeal.  Plaintiff asserted in his second assignment of error that defendant Eller and the physician defendants were not entitled to summary judgment.  Id. at *5.  The court of appeals overruled plaintiff's second assignment of error.  Id. at *8.  Plaintiff obviously saw no discrepancy in the scope of the trial court's judgment at that time.  Plaintiff's bare allegation that the claims against Eller were never resolved is insufficient to avoid the res judicata and Rooker-Feldman bars.  Plaintiff's second objection is denied.

The court agrees with the conclusions of the magistrate judge, and hereby adopts the report and recommendation (Doc. 4).  Plaintiff's complaint is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim for which relief may be granted.  The clerk shall enter a judgment dismissing this case.

Date: December 14, 2018          s/James L. Graham
                                 James L. Graham
                                 United States District Judge